# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**KENNEJAH DESHAE COLLINS,**
**by and through her mother and natural guardian,**
**Shakira Winfield**                                        **PLAINTIFF**

**V.**                    **NO. 2:19-CV-71-LPR-BD**

**ANDREW SAUL, Commissioner,**
**Social Security Administration[1]**                                          **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to Judge Lee. P. Rudofsky. Either party may file written objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive the right to appeal questions of fact.

## I.  Introduction:

On September 7, 2016, Shakira Winfield applied for supplemental security income benefits on behalf of her minor child Kennejah Deshae Collins,. (Tr. at 10) In the

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

application, she alleged Ms. Collins became disabled on June 1, 2014, when she was a minor child (13 years old).[2] *Id*. Her claims were denied both initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge (ALJ) denied Ms. Collins's application. (Tr. at 25) She requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Ms. Winfield filed this case seeking judicial review of the decision denying her daughter's benefits.

## II. The Commissioner's Decision:

For minor child disability cases, an ALJ must follow a three-step sequential evaluation. Under this framework, the ALJ is required to first determine whether the child was engaging in substantial gainful activity. 20 C.F.R. § 416.924. Next, the ALJ must decide whether the impairment, or combination of impairments, was severe. *Id*. Finally, the ALJ must determine whether the Plaintiff had an impairment that met, medically equaled, or functionally equaled a listed impairment. *Id*. A minor has met a listing if her impairment or combination of impairments results in a "marked" limitation in two domains of functioning, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926. The six domains of functioning are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id*.

---

[2] For supplemental security income claims, the relevant time period begins on the date the application was filed.

At Step One, the ALJ found that Collins had not engaged in substantial gainful activity since the application date of September 7, 2016. (Tr. at 13) Next, the ALJ found that Ms. Collins had the following severe impairments: affective disorder, anxiety disorder, personality disorder, neurodevelopmental disorders, and trauma and stress-related disorders. (Tr. at 14) At step three, the ALJ concluded that Ms. Collins did not have a severe impairment that met or medically equaled a listing. *Id*. For the second prong of the listings analysis, the ALJ found that Ms. Collins did not have an impairment or combination of impairments that functionally equaled the severity of the listings. *Id*. The ALJ found that Ms. Collins had no limitation in acquiring or using information, moving about and manipulating objects, caring for herself, her health or her physical well-being. (Tr. at 18-25) He found that Ms. Collins had less-than-marked limitations in attending and completing tasks and interacting and relating with others. *Id.* Thus, the ALJ held that Ms. Collins was not disabled. *Id.*

III. **Discussion:**

   A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*,

600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.   Ms. Collins's Arguments on Appeal

Ms. Collins maintains that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that she met the listings; that the ALJ failed to give proper credit to the side effects of her medication; and that the ALJ should have ordered a consultative examination. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Collins had occasional trouble at school and was suspended more than once, primarily because of problems related to attention-deficit hyperactivity disorder (ADHD). In January 2016, her mother reported that Ms. Collins had been suspended once in the last year but had no other problems. (Tr. at 296) She further stated that Ms. Collins's mood was good at that time and that she was doing well on her ADHD medication. *Id*.

Teachers' notes from September to November 2016 showed progress, with many "excellent" days. (Tr. at 584-605) In October 2016, Ms. Collins denied mania and depression and had good mood and logical thought-process. (Tr. at 612) At a therapy session the next month, she exhibited no impairment in judgment or insight. (Tr. at 636) In December 2016, her teachers reported that they were very impressed with her progress. (Tr. at 642)

In June 2017, Ms. Collins reported that things were going well; she had made new friends; and she was getting along with others better. (Tr. at 928-937) At the same time, her mother reported that Ms. Collins had better self-esteem and was better at coping with depression. She was also getting along better with family. *Id*.

Ms. Collins herself stated that she was good at track, volleyball, and basketball; that she had a good sense of humor; and that she was able to make people laugh. (Tr. at 948). She reported that she wanted to make better grades and go to college. (Tr. at 979) By December 2017, her grades were better, and her attitude had improved. (Tr. at 994, 1029) She stated that her ADHD medications were working and that her mood had improved. (Tr. at 974)

Ms. Collins was not held back in school; she was in ninth grade at an appropriate age. Two ninth-grade teachers evaluated her and found that she had only occasional task-oriented or concentration problems. (Tr. at 266-268) The teachers filled out check-the-box forms with 43 possible problem areas for Ms. Collins. Only a handful of responses indicated that Ms. Collins "often" had problems. *Id*.

Ms. Collins was not always compliant with treatment. She was a no-show or cancelled a number of her therapy appointments. This indicates a decreased need for treatment. (Tr. at 386-389, 538)

The record shows that Ms. Collins's condition improved over time and that medications helped her with mood, anxiety, and distractibility. Improvement in a

condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Her teachers were complimentary of her behavior on more than one occasion. There is no indication that she had either two marked limitations or one extreme limitation in the functional areas of the listings. The ALJ did not err in that determination.

The ALJ also properly considered the side effects of Ms. Collins's medications. He asked her mother whether she had noticed any medication side effects. She responded, "No, sir." (Tr. at 49)

Ms. Collins maintains that the ALJ failed to address the fact that medication did not cure or eliminate her problems. First, there is no foundation in clinical medicine that psychiatric medication will "cure" an illness. Mental illness is chronic; but it can be managed well with medication. The ALJ noted that Ms. Collins reported a positive response to medications, a conclusion that her providers also found to be true. The ALJ fully analyzed Ms. Collins's impairments and discussed the effect of treatment.

Finally, the evidence is not in conflict about Ms. Collins's condition. By the end of the relevant time period, she experienced a reduction in symptoms. The record was fully developed, and no subsequent consultative examination was warranted.[3]

---

[3] The ALJ also gave proper weight to the opinion of John Giblin, M.D., a reviewing medical expert. (Tr. at 76) While Dr. Giblin found marked limitation in Ms. Collins's ability to interact and relate with others, the record does not fully support that finding. As the ALJ noted, even if he had adopted Dr. Giblin's opinion in its entirety, the listings would not have been met.

## IV. **Conclusion:**

There is substantial evidence to support the Commissioner's decision that Ms. Collins was not disabled. The ALJ properly evaluated Ms. Collins's impairments, and the RFC incorporated all of her limitations. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

DATED this 13th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE